Steven John Moser (SM1133)
Moser Law Firm, P.C.
3 School Street, Suite 207B
Glen Cove, New York  11542
(516) 671-1150 • F (516) 882-5420
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FERMINA FRANCO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-*against*-<br><br>SWF Food Corp. d/b/a Foodtown. JCA Food Corp. d/b/a Foodtown, Mother Food Corp. d/b/a  Foodtown, New Food Corp. d/b/a Foodtown, Jason Ferreira and Fernando Peña,<br><br>Defendants. | Case No.:<br><br>**COLLECTIVE ACTION COMPLAINT** |

COMPLAINT

Plaintiff Fermina Franco ("Plaintiff"), by her attorney Moser Law Firm, P.C., complaining of Defendants SWF Food Corp. d/b/a Foodtown. JCA Food Corp. d/b/a Foodtown, Mother Food Corp. d/b/a  Foodtown, New Food Corp. d/b/a Foodtown (collectively the "Ferreira Foodtown Enterprise"), Jason Ferreira and Fernando Peña, alleges:

NATURE OF THE ACTION

1.      Plaintiff brings this action to remedy a pattern and practice of unlawful retaliation, and to recover unpaid overtime and straight wages under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the New York Labor Law § 190, et seq. ("NYLL").

JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b), 29 U.S.C. § 185, 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiffs' state

law claims pursuant to 28 U.S.C. § 1367, as such claims are so related in this action to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to the claims in this action occurred within the Eastern District of New York.

## THE PARTIES

### *Plaintiff*

4. The Plaintiff herein is an adult individual who is a resident of Queens County, New York.

5. The Plaintiff herein is employed by the Defendants.

6. The Plaintiff herein is a covered employee within the meaning of the FLSA and the NYLL.

### *Defendant SWF Food Corp.*

7. The Defendant SWF Food Corp. is a New York Corporation.

8. The Defendant SWF Food Corp's principal place of business is located at 76-10 37th Avenue, Jackson Heights, New York 11372.

9. The Defendant SWF Food Corp. does business as Foodtown.

### *Defendant New Food Corp.*

10. The Defendant New Food Corp. is a New York Corporation.

11. The Defendant New Food Corp's principal place of business is located at 3367 Hillside Avenue, New Hyde Park, New York 11040.

12. The Defendant New Food Corp. does business as Foodtown.

*Defendant JCA Food Corp.*

13. The Defendant JCA Food Corp. is a New York Corporation.

14. The Defendant JCA Food Corp's principal place of business is located at 84-05 Parsons Blvd., Jamaica, New York 11432.

15. The Defendant JCA Food Corp. does business as Foodtown.

*Defendant Mother Food Corp.*

16. The Defendant Mother Food Corp. is a New York Corporation.

17. The Defendant Mother Food Corp's principal place of business is located at 173-09 Jamaica Avenue, Jamaica, New York 11432.

18. The Defendant Mother Food Corp. does business as Foodtown.

*The Ferreira Foodtown Enterprise*

19. SWF Food Corp., JCA Food Corp., Mother Food Corp., and New Food Corp. (the "Ferreira Foodtown Enterprise"), acted as a unified operation under common ownership and control, for a common business purpose.

20. Upon information and belief, for each calendar year within the relevant time period and up to the present time, the SWF Food Corp's annual gross volume of sales made or business done was not less than $500,000.00.

21. Upon information and belief, for each calendar year within the relevant time period and up to the present time, JCA Food Corp's annual gross volume of sales made or business done was not less than $500,000.00.

22. Upon information and belief, for each calendar year within the relevant time period and up to the present time, Mother Food Corp's annual gross volume of sales made or business done was not less than $500,000.00.

23. Upon information and belief, for each calendar year within the relevant time period and up to the present time, New Food Corp's annual gross volume of sales made or business done was not less than $500,000.00.

24. Upon information and belief, for each calendar year within the relevant time period and up to the present time, the Ferreira Foodtown Enterprise's annual gross volume of sales made or business done was not less than $500,000.00.

*Defendant Jason Ferreira*

25. Jason Ferreira is a natural person residing in Nassau County, New York.

26. Defendant Jason Ferreira is an officer JCA Food Corp.

27. Defendant Jason Ferreira is an officer Mother Food Corp.

28. Defendant Jason Ferreira is an officer New Food Corp.

29. Defendant Jason Ferreira is an officer SWF Food Corp.

30. Defendant Jason Ferreira is a shareholder JCA Food Corp.

31. Defendant Jason Ferreira is a shareholder Mother Food Corp.

32. Defendant Jason Ferreira is a shareholder New Food Corp.

33. Defendant Jason Ferreira is a shareholder SWF Food Corp.

34. Defendant Jason Ferreira is the General Manager of the Ferreira Foodtown supermarkets.

35. Jason Ferreira exercises operational control over the Ferreira Foodtown Enterprise.

36. Jason Ferreira has the power to hire and fire Plaintiff and the FLSA Collective, as hereinafter defined.

37. Jason Ferreira controls the terms and conditions of employment of the Plaintiff and the FLSA Collective, as hereinafter defined.

38. The Defendant Jason Ferreira is an employer within the meaning of the FLSA and the NYLL and employs the Plaintiff and the FLSA Collective.

*Defendant Fernando Peña*

39. Defendant Fernando Peña is employed by SWF Food Corp.

40. Defendant Fernando Peña has supervisory authority over the Plaintiff Fermina Franco.

41. Defendant Fernando Peña has the authority to determine the Plaintiff's work schedule.

42. Defendant Fernando Peña acted and acts directly in the interest of SWF Food Corp. in relation to the Plaintiff Fermina Franco.

43. The Defendant Fernando Peña is an employer within the meaning of the FLSA and the NYLL and employs the Plaintiff.

FACTS RELATING TO RETALIATION CLAIMS

*The Prior Wage & Hour Litigation*

44. On July 29, 2014 a class and collective action lawsuit was commenced against New Food Corp., JCA Food Corp, JJC Food Corp, SWF Food Corp., Mother Food Corp., and Jason Ferreira (collectively "Ferreira Foodtown"), in the United States District Court for the Eastern District of New York titled *De Los Santos, et al. v. New Food Corp.,* 14-cv-4541(JFB)(AYS)(hereinafter "*De Los Santos*").

45. 67 current and former employees of Ferreira Foodtown filed consent forms to participate in *De Los Santos.* (hereinafter "Opt-In Plaintiffs").

46. At a June 2016 court conference, Ferreira Foodtown agreed to pay the sum of $1,566,500 to resolve the claims in *De Los Santos*.

*Defendants' Pattern and Practice of Retaliation Following De Los Santos*

47. Since approximately May 2017 Ferreira Foodtown has engaged in a pattern and practice of retaliation against Opt-In Plaintiffs for their participation in *De Los Santos*.

48. For example, upon information and belief, Opt-In Plaintiff Wendy Rivas was employed by JCA Food Corp. Out of the 67 Opt-In Plaintiffs, he received the third (3rd) largest disbursement in the *De Los Santos* settlement. He signed a settlement agreement to resolve his claims in *De Los Santos* on May 21, 2017. On or about May 27, 2017, JCA Food Corp. reduced his wages from $26.38 per hour to $23.78 per hour. Mr. Rivas commenced an action in United States District Court for the Eastern District of New York on June 11, 2018 captioned *Rivas v. JCA Food Corp.*, 18-cv-3377 (RJD)(JO), alleging unlawful retaliation under the NYLL and the FLSA. The case has been settled. Court approval is pending.

49. For example, upon information and belief, Opt-In Plaintiff Julio Orellana is employed by SWF Food Corp. Out of 67 Opt-In Plaintiffs, he received the fourth (4th) largest disbursement in the *De Los Santos* settlement. On September 23, 2018, within a month after furnishing a fully executed agreement in *De Los Santos*, SWF Food Corp. reduced Julio Orellana's wages from 26.38 to 23.78 per hour. Mr. Orellana commenced an action in United States District Court for the Eastern District of New York on June 8, 2018 captioned *Orellana v. JCA Food Corp., et al.*, 18-cv-3295 (KAM)(CLP), alleging unlawful retaliation under the NYLL and the FLSA. The case has been settled. A motion for approval of the settlement has not yet been made.

50. For example, upon information and belief, Opt-In Plaintiff Pablo Orellana was employed by New Food Corp. In December 2017, New Food Corp. terminated Pablo Orellana

for taking an extended bathroom break and changing out of his work clothes before punching out. Mr. Orellana had not yet taken his 10 minute morning or afternoon breaks for the day and was feeling ill.

51. For example, Opt-In Plaintiff Martin Rosario is employed by SWF Food Corp. Ferreira Foodtown issued settlement checks to Martin Rosario for payment of his claims in *De Los Santos* in June 2018. Within two weeks of making the settlement payments, SWF Food Corp. reduced Martin Rosario's wages from $18.00 to $16.50 per hour.

*Facts Relating to Fermina Franco*

52. Plaintiff Fermina Franco was an Opt-In Plaintiff in *De Los Santos*.

53. Out of 67 Opt-In Plaintiffs, she received the sixth (6th) largest disbursement in the *De Los Santos* settlement.

54. Plaintiff is employed by SWF Food Corp.

55. Plaintiff's husband, Porfirio Ramirez Collado was also employed by SWF Food Corp. until his untimely death on May 28, 2012. He was 46 years old.

56. Since the death of her husband, the Plaintiff has been the sole caregiver to her two children, Anaiz Ramirez (now aged 13) and Jordy Ramirez (now aged 16).

57. Jason Ferreira is aware that the Plaintiff's husband died, and that she is a single parent caring for her two children.

58. Fernando Peña is aware that the Plaintiff is the sole caregiver to her children.

59. The Plaintiff's regular work schedule is from 7am-4pm with a one-hour lunch.

60. On Wednesday, December 5, 2018 the Defendants advised the Plaintiff that effective December 8, 2018, her schedule would be changed to 12pm-9pm.

61. The change in the work schedule interferes with the Plaintiff's ability to parent her children.

62. The Defendants have not given a reasonable explanation for the change in the Plaintiffs' work schedule.

63. On Christmas Eve, December 24, 2018, at approximately 11am, Fernando Peña called the Plaintiff and advised her that he was changing her schedule for that day from 12pm-9pm to 1pm-10pm because he didn't have anyone to close the store. However, at 10pm, when the store closed, there were more than enough employees other than the Plaintiff to close the store.

64. On December 29, 2018 there was a meeting attended by Angela Marquez (the deli department head), Fermina Franco, Fernando Peña, and Leo Rodriguez (the store manager).

65. During the December 29, 2018 meeting the Plaintiff complained that her new schedule interfered with her ability to care for her children.

66. During the December 29, 2018 meeting the Plaintiff stated that the change in her work schedule was unnecessary, because her duties, which consisted of food preparation and attending to customers, could be done regardless of whether she worked from 7am-4pm or from 12pm-9pm.

67. During the December 29, 2018 meeting, Fernando Peña stated, "this is a business" and that the Plaintiff's personal life would not be taken into consideration.

68. During the December 29, 2018 meeting, Fernando Peña suggested that if the Plaintiff was not happy working 12pm-9pm, that he could change her schedule to 1pm-10pm instead.

69. During the December 29, 2018 meeting, Fernando Peña stated that if the Plaintiff wanted to end work early to be with her children, that he would allow her to work from 11am to 5pm.

70. Plaintiff is subjected to discriminatory tardiness rules.

71. As a general rule, employees who arrive several minutes late due to public transportation delays are permitted to "make up" the time at the end of the day without discipline.

72. On a day in July 2018, the Plaintiff arrived at work at 7:09am (9 minutes late).

73. There were train service delays. Therefore, the Plaintiff took a cab to work that morning.

74. Defendants issued her a written warning.

75. The written warning falsely stated that she had arrived at work at 8:09am (1 hour and 9 minutes late).

76. The written warning threatened her with termination if she was late again.

77. In November 2018 Plaintiff arrived 14 minutes late due to a public transportation delay.

78. Defendants issued her another written warning and stated that if she was late again, she could be fired.

79. The change in the Plaintiff's work schedule is materially adverse, because it significantly interferes with her ability to parent her children.

FACTS RELATING TO WAGE CLAIMS

80. COUNT I herein is brought by the Plaintiff Fermina Franco on behalf of herself and on behalf of all current and former employees of the Ferreira Foodtown Enterprise who (1) worked at any time during the two year period prior to the filing of this complaint and up to the present time and (2) who were required to handle or process unpackaged foods, including

employees working in the Deli Department, Seafood Department and Meat Department (the "FLSA Collective").

81. The FLSA Collective consists of at least twenty (20) similarly situated current and former employees of the Ferreira Foodtown Enterprise.

82. Following the *De Los Santos* settlement, the Defendants have willfully harmed Plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA.

83. More specifically, the Defendants have ordered the Plaintiff and the FLSA Collective to perform "off-the-clock" work.

84. The "off the clock" work consists of activities designed to maintain sanitary conditions and to prevent the defendants' food products from becoming contaminated.  These activities include removing loose jewelry and personal items, donning a work smock, thoroughly washing and sanitizing hands, donning hats or hairnets and donning gloves.  At the end of the day employees are required to change out of their smocks and clean up before going home.  These activities are referred to herein as "donning and doffing."

85. Prior to the *De Los Santos* settlement, employees were permitted to "punch-in" upon arrival at work, and to punch out when leaving work.  After the settlement, employees are only permitted to punch in after "donning" and are only permitted to punch out after "doffing." In order to be at work "on time", employees must arrive early, go to the basement of the supermarket, perform their donning activities, return to the front of the store, and "punch in" at their scheduled start time.

86. The Plaintiff has been a deli department employee for the two-year period preceding the filing of this lawsuit. She been subject to the Defendants' uniform policy of requiring employees to perform donning and doffing activities off the clock.

87. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to the Defendant, are readily identifiable, and locatable through Defendant's records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

88. Plaintiffs intend on amending the complaint to assert causes of action under the New York Labor Law on behalf of each individual that opts-into this action.

## COUNT I

*Retaliation*
*(Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.)*

89. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

90. Defendants were each an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

91. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 215.

92. Plaintiff's participation in *De Los Santos* constituted protected activity.

93. The Plaintiff's participation in *De Los Santos* was known to the Defendants.

94. Defendants retaliated against the Plaintiff by subjecting her to discriminatory work rules, threatening her with termination, and changing the Plaintiff's schedule, knowing that it would interfere with her ability to care for her two teenaged children.

95. The Defendants' actions in the prior paragraph occurred under circumstances giving rise to an inference of intentional discrimination against the Plaintiff.

96. There is a causal connection between the Plaintiff's protected activity and the adverse employment action.

97. Defendants acted with malice or with reckless indifference to the federally protected rights of the Plaintiff. Therefore, Punitive damages are available. *Greathouse v. JHS Sec., Inc.*, 2016 U.S. Dist. LEXIS 115494, at *12 (S.D.N.Y. Aug. 29, 2016).

98. The Defendants have engaged in a pattern and practice of discrimination against the individuals who participated in the *De Los Santos* lawsuit.

99. Due to Defendants' violations of the FLSA, plaintiff is entitled to compensatory damages for emotional distress, punitive damages, attorneys fees, and costs of the action.

100. Due to Defendants' violations of the FLSA, plaintiff is entitled to equitable relief, including an order enjoining the Defendants from further retaliatory actions against the participants in the *De Los Santos* case, and an order permitting the Plaintiff to resume her regular work schedule.

## COUNT II

*Retaliation*
*(New York Labor Law § 215)*

101. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

102. The Plaintiff is covered by the NYLL.

103. Plaintiff's participation in *De Los Santos*, as set forth above, constituted protected activity.

104. The Plaintiff's participation in *De Los Santos* was known to the Defendants.

105. Defendants retaliated against the Plaintiff by subjecting her to discriminatory work rules, threatening her with termination, and changing the Plaintiff's schedule, knowing that it would interfere with her ability to care for her two teenage children.

106. The Defendant's actions detailed in the prior paragraph occurred under circumstances giving rise to an inference of intentional discrimination against the Plaintiff.

107. There is a causal connection between the Plaintiff's protected activity and the adverse employment action.

108. Defendants retaliatory conduct constitutes "intentional or deliberate wrongdoing" and "willfully and wantonly disregards" the Plaintiff's rights.  Therefore, punitive damages are available. *Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC,* 813 F. Supp. 2d 489, 526 (S.D.N.Y. 2011).

109. Due to Defendants' violation of the NYLL, the Plaintiff is entitled to recover from Defendants compensatory damages for emotional distress, liquidated damages in an amount up to $20,000, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

110. Due to the Defendants' violation of the NYLL, the Plaintiff is entitled to equitable relief, including an order enjoining the Defendants from further retaliating against her, and an order permitting the Plaintiff to resume her normal work schedule.

COUNT III

*Overtime Wages under the Fair Labor Standards Act*
*29 U.S.C. §§ 201, et seq. (29 U.S.C. §§ 207 & 216)*

111. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

112. Defendants SWF Food Corp., JCA Food Corp., Mother Food Corp., and New Food Corp. are each an enterprise engaged in commerce under 29 U.S.C. § 203.

113. The Ferreira Foodtown Enterprise is an enterprise engaged in commerce under 29 U.S.C. § 203.

114. Defendants are each an employer within the meaning of 29 U.S.C. § 203.

115. Plaintiff and the FLSA Collective are employees within the meaning of 29 U.S.C. § 203.

116. Defendants were required to pay Plaintiff and the FLSA Collective one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

117. Defendants failed to pay Plaintiff and the FLSA Collective the overtime wages to which they were entitled.

118. Plaintiff and the FLSA Collective are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs.

## COUNT IV

*Overtime Wages under Article 19 of the NYLL §§ 650 et seq.*
*(NYLL § 663 and N.Y. Compilation of Codes, Rules, and Regulations § 142-2.2)*

119. The Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

120. Plaintiff is an employee within the meaning of New York Labor Law § 2.

121. Defendant SWF Food Corp. is an employer and employed the Plaintiff within the meaning of New York Labor Law § 2.

122. Defendant Jason Ferreira is an employer and employed the Plaintiff within the meaning of New York Labor Law § 2.

123. Defendants Jason Ferreira and SWF Food Corp. are required to pay Plaintiff at a rate of one and one half her regular rate of pay for all hours in excess of forty (40) hours in a workweek.

124. Defendants have failed to compensate the Plaintiff the overtime wages to which she is entitled.

125. Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

## COUNT V

*Straight Wages*
*(NYLL § 191)*

126. The Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

127. Defendants Jason Ferreira and SWF Food Corp. are required to pay Plaintiff her regular rate for all hours worked up to forty (40) hours in a workweek.

128. Plaintiff is entitled to recover unpaid straight wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) On Count I, punitive damages in an amount to be determined by the fact finder;

(b) On Count II, liquidated damages in an amount up to $20,000;

(c) On Counts III and IV, unpaid overtime wages and an amount equal to unpaid overtime wages;

(d) On Count V, unpaid straight wages and an amount equal to straight wages;

(e) Compensatory damages for emotional distress;

(f) Pre-Judgment and Post-Judgment interest, as provided by law;

(g) On all Counts, attorneys' fees and costs of suit, including expert fees;

(h) Injunctive relief, including reinstatement of Plaintiff's regular work schedule;

(i) An order prohibiting the Defendants from engaging in further retaliation against the participants in the *De Los Santos* case;

(j) Such other, injunctive and equitable relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: Glen Cove, New York
December 30, 2018

Respectfully Submitted,

MOSER LAW FIRM, P.C.

Steven John Moser
3 School Street, Suite 207B
Glen Cove, New York  11542
(516) 671-1150 • F (516) 882-5420
smoser@moseremploymentlaw.com